UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-04499-ODW-GJS | Date | August 12, 2020 |
|---|---|---|---|
| Title | Gary L. Kilbourn v. Warden | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None present | | None present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause Why *Rhines* Stay Should Not Be Vacated

On June 18, 2020, at Petitioner's request, the Court issued an Order that granted a *Rhines*[1] stay in this case [Dkt. 6, "Stay Order"]. The Stay Order provided that, "[w]ithin 45 days of this Order and every 60 days thereafter, Petitioner must file a brief Status Report, in which he advises the Court of the status of his state habeas proceeding(s)." In addition, the Stay Order provided that "Petitioner is cautioned that the failure to comply with these requirements may result in the Court ordering the stay to be vacated nunc pro tunc."

It is now 55 days past the issuance of the Stay Order and Petitioner has not filed the initial Status Report ordered. Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the *Rhines* stay in this case should not be vacated *nunc pro tunc*. **By no later than September 11, 2020**, Petitioner shall file a Response to this Order To Show Cause explaining why the *Rhines* stay should continue. Alternatively, by that same September 11, 2020 deadline, Petitioner simply may file the required initial Status Report. The failure to comply will result in the vacating of the *Rhines* stay.

**IT IS SO ORDERED.**

---

[1]   *See Rhines v. Weber*, 544 U.S. 269 (2005).